# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

AMANDA S. KING, CINDY WILLIAMS AND
ELIZABETH JENNIFER GROCE, on behalf
of themselves and all others similarly
situated,

Plaintiffs,

v.

K-B HEALTH TECHNOLOGY, INC. AND
WANDA BARRETT,

Defendant.

CIVIL ACTION FILE NO.
2:17-cv-00026-WCO

## COMPLAINT: COLLECTIVE ACTION

Plaintiffs, AMANDA S. KING ("KING"), CINDY WILLIAMS ("WILLIAMS") AND

ELIZABETH JENNIFER GROCE ("GROCE"), individually and on behalf of all others

similarly situated who consent to their inclusion in a collective action, hereby file

this Collective Action Complaint against K-B HEALTH TECHNOLOGY, INC. and

WANDA BARRETT and allege as follows:

## INTRODUCTION

1.

This is an FLSA collective action in which Plaintiffs allege that Defendants,

a home health care provider and its owner, violated the FLSA's overtime pay

provisions through a common policy and practice of failing to pay their employees time and one half for all hours worked in excess of forty in any given workweek. Specifically, Defendants (a) failed to pay Plaintiffs for their travel time between their first and last jobs of the day, (b) failed to include such travel time as work time in determining if Plaintiffs worked overtime in a given workweek, thus truncating their actual work time, and (c) paid Plaintiffs either "straight-time" or no time for all recorded hours of work in excess of forty. Plaintiffs, on behalf of themselves and all others similarly situated, seek back pay, liquidated damages and attorneys' fees and costs of litigation to remedy these wide-spread and continuing violations of the FLSA.

2.

Plaintiffs ask this Court to certify a class of similarly situated employees, to wit, all Home Health Aides and Certified Nursing Assistants ("CNA's") who were (a) paid by the hour at any time from January 1, 2015 to date; (b) whose travel time between the first and last jobs of the day was not included as work time in determining if he/she worked overtime in a given workweek; and (c) who were paid "straight-time" or no time at all for all recorded hours of work in excess of forty ("the Proposed Class").

3.

Plaintiffs request relief for the Proposed Class because all those persons in the Proposed Class as defined in paragraph 2 herein were treated in a similar manner with respect to their compensation and in the violations of the FLSA.

4.

Plaintiff King's Consent to Serve as a Plaintiff Representative in this FLSA action is filed herewith as Exhibit "A".

5.

Plaintiff Williams' Consent to Serve as a Plaintiff Representative in this FLSA action is filed herewith as Exhibit "B".

6.

Plaintiff Groce's Consent to Serve as a Plaintiff Representative in this FLSA action is filed herewith as Exhibit "C".

**JURISDICTION AND VENUE**

7.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1337 and 29 U.S.C. § 207 *et seq.* and 29 U.S.C. § 216(b).

8.

Venue is proper pursuant to 28 U.S.C. § 1391 in that the unlawful

employment practices and the violations of Plaintiffs' rights and the rights of all

those similarly situated were committed in this judicial district.

**P**ARTIES

9.

Plaintiff Amanda S. King is a legal resident of the United States and the

State of Georgia.  She is a former Home Health Aide for K-B Health Technology,

Inc. who was employed by Defendants from February 2013 to March 2016.

10.

Plaintiff King was an "employee" as that term is defined under 29 U.S.C.

§203(e) during the relevant time period.

11.

From January, 2015 through March, 2016, Plaintiff King performed non-

exempt labor, as defined by the FLSA and regularly worked in excess of forty (40)

hours per workweek for which she was not paid the overtime wage differential.

Plaintiff submits herself to the jurisdiction of this Court.

12.

Plaintiff Cindy Williams is a legal resident of the United States and the State of Georgia. She is a current Home Health Aide for K-B Health Technology, Inc.

13.

Plaintiff Williams was and is an "employee" as that term is defined under29 U.S.C. §203(e).

14.

 During her employment, from approximately 2005 through the present, Plaintiff Williams performed non-exempt labor, as defined by the FLSA and regularly worked in excess of forty (40) hours per workweek for which she was not paid the overtime wage differential. Plaintiff submits herself to the jurisdiction of this Court.

15.

Plaintiff Jennifer Groce is a legal resident of the United States and the State of Georgia. She is a current Home Health Aide for K-B Health Technology, Inc.

16.

Plaintiff Groce was and is an "employee" as that term is defined under 29 U.S.C. §203(e).

17.

During her employment, from approximately 2014 through the present, Plaintiff Groce performed non-exempt labor, as defined by the FLSA and regularly worked in excess of forty (40) hours per workweek for which she was not paid the overtime wage differential. Plaintiff submits herself to the jurisdiction of this Court.

18.

Defendant K-B Health Technologies, Inc. ("K-B Health") is an "employer" as that term is defined under the FLSA, 29 U.S.C. §203(s) and is subject to the provisions of the Act relating to payment of overtime compensation.

19.

Defendant K-B Health may be served by delivering process to its registered agent Wanda Barrett, 1953 Barrett Road, Hiawassee, Georgia 30546.

20.

At all times relevant to this Complaint, Defendant K-B Health has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 207(a)(1).

21.

In 2015, Defendant K-B Health had two or more "employees" engaged in commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

22.

In 2016, Defendant K-B Health had two or more "employees" engaged in commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

23.

In 2015, 2016 and 2017, two or more employees of K-B Health, including Plaintiffs, used or handled the following items that moved in interstate commerce that are necessary for performing K-B Health's commercial activities: office machines, furniture, cell phones, automobiles, gasoline, automobile oil, paper, computers, medication, medical devices, cleaning equipment, and laundry detergent.

24.

During 2015, K-B Health had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

During 2016, K-B Health had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

26.

Upon information and belief, in 2017, K-B Health will have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

Defendant Wanda Barrett is a citizen of the United States and the State of Georgia.  During all times relevant hereto, Defendant Barrett acted in the interest of an employer toward Plaintiffs, exercised responsibility and control over Plaintiffs' and the Proposed Class's compensation and terms of employment, and was a corporate officer with operational control of the corporation's covered enterprise.  Therefore, Defendant Barrett may be held liable in her individual capacity as an "employer" for Defendant K-B Health's FLSA violations.

28.

Defendant Barrett may be served by delivery of process to her at her home or at her business address, 1953 Barrett Road, Hiawassee, Georgia 30546.

**BACKGROUND FACTS**

29.

Defendants K-B Health and Barret operate a company base in North Georgia that provides home health care services to individuals throughout a thirteen county area.

30.

In providing home health care services, Defendant employs over one hundred employees, most of whom are non-licensed, non-certified Home Health Aides but some of whom were Certified Nursing Assistants ("CNAs").

31.

Among the services provided by the CNAs and Home Health Aides were assistance with dressing, grooming, feeding, bathing, taking medication as well as other activities of daily living, including light housework as well as grocery shopping, laundering and transporting clients to and from appointments.

32.

The services provided by the CNAs and Home Health Aides were not services that typically required or were performed by trained personnel such as CNAs.

33.

At least from January, 2015, through the present both the CNAs and the Home Health Aides ("the Proposed Class") were similarly situated in that they were paid hourly to provide these health care services to individuals in their homes.

34.

In order to be paid, both CNAs and the Home Health Aides filled out time sheets – clocking in and out during the work day -- and providing the total hours worked in order to document their time and pay.

35.

Only the hours actually worked in a client's home were allowed to be reported as work time, and only those hours were paid, irrespective of whether the employee was a CNA or Home Health Aide.

36.

Although CNAs and Home Health Aides were required to drive between the homes of multiple clients serviced during a single day, they received no compensation for the drive time and this work time was never recorded as work time.

37.

As a result of K-B Health's common practice and policy of not permitting travel time between the first and last jobs of each work day to be recorded as work time, K-B Health has failed to keep accurate records of the hours actually worked by Plaintiffs and the Proposed Class.

38.

Defendants had knowledge and reason to know that Plaintiffs and the Proposed Class traveled to different jobs between their first and last work location and suffered and permitted such work.

39.

In addition, both CNAs and Home Health Aides were required to work many weekends, thus extending the regular workweek and the total hours worked.

40.

The CNAs and Home Health Aides, including Plaintiffs, regularly worked hours in excess of 40 hours per workweek.

41.

From January, 2015, to at least August 2016, the CNAs and Home Health Aides were not paid overtime for the work they performed in excess of forty hours per week.

**PLAINTIFFS' FACTS**

42.

Plaintiffs are each Home Health Aides, who, at various times during the relevant period from January 2015 through the present, worked providing home health care services to K-B Health clients such as: assistance with dressing, grooming, feeding, bathing, taking medication as well as other activities of daily living, including light housework as well as grocery shopping, laundering and transporting clients to and from appointments.

43.

Plaintiffs were neither required nor expected to have the training of a registered nurse, licensed practical nurse or certified nursing assistant to perform these services.

44.

At all times relevant hereto, Plaintiffs were paid hourly to provide these health care services to individuals in their homes.

45.

In order to be paid, Plaintiffs each filled out time sheets – clocking in and out during the work day -- and providing the total hours worked in order to document their time and pay.

46.

Only the hours that Plaintiffs actually worked in a client's home were allowed to be reported and only those hours were paid.

47.

Although Plaintiffs were required to drive between the homes of multiple clients serviced during a single day, they received no compensation for the drive time.

48.

Like other Home Health Aides and the CNAs, Plaintiffs were required to work many weekends, thus extending the regular workweek and the total hours worked.

49.

Plaintiffs each regularly worked hours far in excess of 40 hours per workweek, sometimes clocking upwards of seventy or eighty hours per week.

50.

From January, 2015, to at least August 2016, and likely to date, Plaintiffs were paid no overtime for the work they performed.

**U.S. DOL CLARIFIES LIABILITY
UNDER 29 C.F.R. 552.109**

51.

In providing home health care services for their clients, Defendants are providing companionship services within the meaning of Section 13(a)(15) of the FLSA.

52.

In providing home health care services for their clients, Defendants are providing companionship services within the meaning of 29 C.F.R. § 552.6.

53.

In 2013, the Wage and Hour Division of the U.S. Department of Labor

adopted amendments to 29 C.F.R. § 552.109. *See Home Care Ass'n of Am. v. Weil*,

799 F.3d 1084 (D.C. Cir. 2015).

54.

The newly amended 29 C.F.R. § 552.109 (a) states in relevant part: "Third

party employers of employees engaged in companionship services within the

meaning of § 552.6 may not avail themselves of the minimum wage and overtime

exemption provided by section 13(a)(15) of the Act . . . ."

55.

Pursuant to notice published in 78 FR 60453, on or about October 1, 2013,

revised paragraph (a) of 29 C.F.R. §552.109 became effective January 1, 2015.

56.

At all times material hereto, K-B Health was a third party employer of the

Plaintiffs and similarly situated CNAs and Home Health Aides within the meaning

of 29 C.F.R. § 552.109.

57.

At all times material hereto, after January 1, 2015, K-B Health could not legally avail itself of the minimum wage and overtime exemptions provided by section 13(a)(15) of the Act.

## COLLECTIVE ACTION ALLEGATIONS

58.

Plaintiffs bring this action for violation of FLSA as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of themselves and all persons who are or were employed by Defendants to provide home health care services to clients of K-B Health during the period from January 2015 to the present and who were not paid an overtime premium for all hours worked in excess of 40 in a single workweek (hereinafter the "Proposed Class") as defined in Paragraph 2 of this Complaint.

59.

Plaintiffs and the Proposed Class regularly worked hours and submitted time records showing much more than 40 hours worked in a single workweek.

60.

Plaintiffs and the Proposed Class regularly had drive-time involving trips between client's residences between their first job of the day and their last job of

the day for which they received no compensation and which added to their work

hours during the workweek.

61.

Although Plaintiffs and the Proposed Class regularly worked more than 40

hours in a week, Defendant paid them only straight time and only for hours worked

in the client's homes.

62.

On information and belief, the U.S. Department of Labor has advised

Defendant K-B Health that its actions in failing to pay an overtime premium are a

violation of the FLSA.

63.

Notwithstanding this fact, Defendant K-B Health has failed and refused to

pay the overtime premium.

64.

By failing to pay Plaintiffs and the Proposed Class an overtime premium for

time that was worked in excess of forty (40) hours in a workweek beginning

January 1, 2015, Defendants have violated the FLSA, 29 U.S.C. §207(a).

65.

Defendants' conduct in failing and thus far refusing to pay Plaintiffs and the Proposed Class overtime compensation is a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), entitling Plaintiffs and the Proposed Class to bring this claim within three years of the accrual of any cause of action.

66.

Based upon the facts alleged herein, Defendants had no reasonable grounds for believing that their refusal to pay an overtime premium to Plaintiffs and the Proposed Class after January 1, 2015, was appropriate under the FLSA. As such, Defendants' violations of the FLSA are willful, and Defendants are not entitled to any reduction in the amount of liquidated damages under 29 U.S.C. § 216(b).

67.

Upon information and belief, in failing or refusing to pay Plaintiffs and the Proposed Class overtime as required by the FLSA, Defendants have not relied on any letter ruling from the Department of Labor indicating that Plaintiffs and/or the Collective Plaintiffs were not entitled to overtime.

68.

Upon information and belief, in failing or refusing to pay Plaintiffs and the

Proposed Class overtime as required by the FLSA, Defendants have not relied on

any legal advice indicating that such practice was permitted under the FLSA.

**COUNT ONE**
**VIOLATION OF THE FLSA – UNPAID OVERTIME WAGES**

69.

The allegations contained in paragraphs 1 through 68 are hereby

incorporated by this reference.

70.

By virtue of Defendants' failure and refusal to pay Plaintiffs and the

Proposed Class an overtime premium after January 1, 2015, all of whom regularly

worked in excess of forty (40) hours in a single workweek (in combined hours both

on and off the clock), Defendants are in violation of the Fair Labor Standards Act

of 1938, 29 U.S.C. §§ 207 and 215.

71.

Defendants' failure to pay Plaintiffs and the Proposed Class the overtime

compensation they are owed has been willful and in bad faith; therefore, entitling

Plaintiffs and the Proposed Class to the benefit of the three-year statute of

limitations and unpaid compensation with interest to date plus liquidated damages all pursuant to 29 U.S.C. §§ 207, 215, 216(b) and 255.

72.

Defendants' failure or refusal to pay Plaintiffs and the Proposed Class the overtime compensation they are owed further entitles them to recover their attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs request that this Court:

(a) Take jurisdiction of this matter;

(b) Permit this case to proceed as an FLSA collective action under 29 U.S.C. § 216 for those employees, past or present, who opt to participate by filing proper written notice with the Court;

(c) Issue an Order holding each Defendant to be an "employer" as that term is defined under the FLSA;

(d) Grant a trial by jury as to all matters properly triable to a jury;

(e) Issue a judgment declaring that Plaintiffs and the class they represent were covered by the provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(f) Award the Named Plaintiff's proper payment for each overtime hour worked in the years starting January 1, 2015, and through the filing of

this Complaint, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due the Plaintiffs, as required by the FLSA;

(g) Award the Collective Plaintiffs proper payment for each overtime hour worked in the years starting January 1, 2015, and through the filing of this Complaint, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each class member Plaintiff, as required by the FLSA;

(h) Award Plaintiffs and the Collective Plaintiffs prejudgment interest on all amounts owed;

(i) Award Plaintiffs and the Collective Plaintiffs nominal damages;

(j) Award each Plaintiff and the Collective Plaintiffs their reasonable attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216(b); and

(k) Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted,

JF BEASLEY, LLC

By:   /s/ John F. Beasley, Jr.
      John F. Beasley, Jr.
      Georgia Bar No. 045010
      jfbeasley@jfbeasleylaw.com
      31 North Main Street
      P.O. Box 309
      Watkinsville, GA 30677
      Telephone:  706-769-4410
      Facsimile:   706-769-4471

DELONG . CALDWELL . BRIDGERS
FITZPATRICK . BENJAMIN LLC

      Mitchell D. Benjamin
      Georgia Bar No. 049888
      3100 Centennial Tower
      101 Marietta Street NW
      Atlanta, Georgia 30303
      404.979.3150
      Direct - Facsimile - Text:
      770.859.0754
      benjamin@dcbflegal.com
      georgiawagelawyers.com

      Counsel for Plaintiffs